# EXHIBIT A

Hearing Date: 8/31/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
  Cook County, IL

FILED
5/3/2021 3:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02143

Atty. No. 41106

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, CHANCERY DIVISION

| | | |
|---|---|---|
| SARAH BRUNS, on behalf of Plaintiff and a class, | ) ) ) | |
| Plaintiff, | ) ) | 2021CH02143 |
| vs. | ) ) | |
| TRANSWORLD SYSTEMS, INC., | ) ) | |
| Defendant. | ) ) | |

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1. Plaintiff Sarah Bruns brings this action to secure redress regarding unlawful collection practices engaged in by defendant Transworld Systems, Inc.. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

### JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d).

3. Venue in this county is proper because Defendant's collection letter was received here.

### PARTIES

#### Plaintiff

4. Plaintiff Sarah Bruns is a natural person residing in Illinois.

#### Defendant

5. Defendant Transworld Systems, Inc. is a corporation chartered under California law with principal offices at 150 N. Field Dr., #200, Lake Forest, IL 60045. It does business in Illinois. Its registered agent is CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, Illinois 60604.

6. Transworld Systems, Inc. is a collection agency. It seeks to collect on defaulted

consumer debts that are owed to others, using the mail, telephone and Internet to do so, all in the course of trade and commerce.

7. Transworld Systems, Inc. has a web site on which it states that it provides an "End-to-End Debt Collection Solution Suite" and "Comprehensive Accounts Receivable Management & Debt Collection Solutions". (https://Transworld Systems, Inc.co.com/our-services/)

8. Transworld Systems, Inc. holds a collection agency license from the state of Illinois.

9. Transworld Systems, Inc. is a debt collector as defined in the FDCPA.

10. Transworld Systems, Inc. claims to be the "subservicer" of defaulted student loan debts allegedly owned by various National Collegiate Student Loan Trust entities.

11. All of these debts were in default at the time Transworld Systems, Inc. or its corporate predecessor first became involved with them. Nondefaulted loans are serviced by a different entity.

12. Upon information and belief, almost all of Defendant Transworld Systems, Inc.'s resources are devoted to debt collection.

13. Upon information and belief, almost all of Defendant Transworld Systems, Inc.'s revenue is derived from debt collection.

14. Defendant Transworld Systems, Inc. is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts.

## FACTUAL ALLEGATIONS

15. This action arises out of Defendant's attempts to collect a student loan debt incurred for personal, family or household purposes.

16. On or about September 4, 2020, Defendant Transworld Systems, Inc. caused a letter vendor to send Plaintiff the letter in Exhibit A.

17. The letter bears markings that are characteristic of one generated by a letter

vendor. In addition, public court filings indicate that Transworld Systems, Inc. uses a letter vendor.

18. In order to have the letter vendor send Plaintiff the letter in Exhibit A, Defendant had to furnish the letter vendor with Plaintiff's name and address, the status of Plaintiff as a debtor, details of Plaintiff's alleged debt, and other personal information.

19. The letter vendor then populated some or all of this information into a prewritten template, printed, and mailed the letter to Plaintiff.

20. The FDCPA defines "communication" at 15 U.S.C. § 1692a(3) as "the conveying of information regarding a debt directly or indirectly to any person through any medium."

21. The sending of an electronic file containing information about Plaintiff's purported debt to a letter vendor is therefore a communication.

22. Defendant's communication to the letter vendor was in connection with the collection of a debt since it involved disclosure of the debt to a third-party with the objective being communication with and motivation of the consumer to pay the alleged debt.

23. Plaintiff never consented to having Plaintiff's personal and confidential information, concerning the debt or otherwise, shared with anyone else.

24. In limiting disclosures to third parties, the FDCPA states, at 15 U.S.C. §1692c(b): "Except as provided in section 1692b of this title, without the prior consent of the consumer given directly to the debt collector, or the express permission of a court of competent jurisdiction, or as reasonably necessary to effectuate a post judgment judicial remedy, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer, his attorney, a consumer reporting agency if otherwise permitted by law, the creditor, the attorney of the creditor, or the attorney of the debt collector." (emphasis added).

25. The letter vendor used by Defendant as part of its debt collection effort against Plaintiff does not fall within any permitted exception provided for in 15 U.S.C. §1692c(b).

26. Due to Defendant's communication to this letter vendor, information about Plaintiff are all within the possession of an unauthorized third-party.

27. If a debt collector "conveys information regarding the debt to a third party -- informs the third party that the debt exists or provides information about the details of the debt -- then the debtor may well be harmed by the spread of this information." *Brown v. Van Ru Credit Corp.*, 804 F.3d 740, 743 (6th Cir. 2015).

28. Defendant unlawfully communicates with the unauthorized third-party letter vendor solely for the purpose of streamlining its generation of profits without regard to the propriety and privacy of the information which it discloses to such third-party.

29. In its reckless pursuit of a business advantage, Defendant disregarded the known, negative effect that disclosing personal information to an unauthorized third-party has on consumers.

## COUNT I – FDCPA

30. Plaintiff incorporates paragraphs 1-29.

31. Defendant violated 15 U.S.C. §1692c(b) when it disclosed information about Plaintiff's purported debt to the employees of an unauthorized third-party letter vendor in connection with the collection of the debt.

32. Defendant violated 15 U.S.C. §1692f by using unfair means in connection with the collection of a debt – disclosing personal information about Plaintiff to third parties not expressly authorized under the FDCPA.

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of a class.

34. The class consists of (a) all individuals in Illinois (b) with respect to whom Defendant had a letter prepared and sent by a letter vendor (c) which letter was sent at any time

during a period beginning one year prior to the filing of this action and ending 30 days after the filing of this action.

35. Plaintiff may alter the class definition to conform to developments in the case and discovery.

36. On information and belief, based on the size of Defendant's business operations and the use of form letters, the class is so numerous that joinder of all members is not practicable.

37. There are questions of law and fact common to the class members, which common questions predominate over any questions relating to individual class members. The predominant common questions are whether Defendant's practice as described above violates the FDCPA.

38. Plaintiff will fairly and adequately represent the class members. Plaintiff has retained counsel experienced in class actions and FDCPA litigation. Plaintiff's claim is typical of the claims of the class members. All are based on the same factual and legal theories.

39. A class action is appropriate for the fair and efficient adjudication of this matter, in that:

    a. Individual actions are not economically feasible.

    b. Members of the class are likely to be unaware of their rights;

    c. Congress intended class actions to be the principal enforcement mechanism under the FDCPA.

FILED DATE: 5/3/2021 3:27 PM    2021CH02143

WHEREFORE, the Court should enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    Statutory damages;

    ii.    Attorney's fees, litigation expenses and costs of suit;

    iii.    Such other and further relief as the Court deems proper.

*/s/ Daniel A. Edelman*
Daniel A. Edelman

Daniel A. Edelman (ARDC 0712094)
Dulijaza (Julie) Clark (ARDC 6273353)
Samuel Park (ARDC 6333176)
**EDELMAN, COMBS, LATTURNER & GOODWIN, LLC**
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service: courtecl@edcombs.com
Atty. No. 41106

T:\37257\Pleading\Complaint disclosure_Pleading.wpd

Hearing Date: 8/31/2021 10:00 AM - 10:00 AM
Courtroom Number: 2510
Location: District 1 Court
   Cook County, IL

FILED
5/3/2021 3:27 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021CH02143

FILED DATE: 5/3/2021 3:27 PM    2021CH02143

2021CH02143

# EXHIBIT A

FILED DATE: 5/3/2021 3:27 PM 2021CH02143

P.O. Box 15618
Dept. 926
Wilmington, DE 19850-5618
926.5808.EDGV1

TRANSWORLD SYSTEMS INC.
1105 SCHROCK ROAD SUITE 300
COLUMBUS, OH 43229
800-825-6523

Calls to or from this company may be monitored or recorded.

Date: September 4, 2020
Our Account #: ▓▓▓0394
Balance Due: ▓▓▓▓▓▓
This Balance is a Sum of Balances from 3 Accounts.
See additional page(s) for account detail.

97608 - 10

SARAH BRUNS

The current creditor referenced in this letter, has placed your defaulted loans with our agency for collection.

The current creditor has informed us that this amount is due in full.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of this debt, or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days after receiving this notice that you dispute this debt, or any portion thereof, this office will obtain verification of the debt or a copy of a judgment and mail you a copy of such verification or judgment. If you request of this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor.

This is an attempt to collect a debt. Any information obtained will be used for that purpose. This is a communication from a debt collector.

Office Hours: Monday through Thursday 8:00am to 9:00pm and Friday 8:00am to 5:00pm (ET)

The account balance will be periodically increased due to the addition of accrued interest, as permitted by applicable law.

You may also make payment by visiting us on-line at https://payments.tsico.com. Your unique registration code is ▓▓▓▓9419.

---

PLEASE RETURN THIS PORTION WITH YOUR PAYMENT (MAKE SURE ADDRESS SHOWS THROUGH WINDOW)

| Our Account # | Balance Due |
|---|---|
| ▓▓▓0394 | ▓▓▓▓ |
| SARAH BRUNS | |

Payment Amount 

$

Check here if your address has changed and print your new address in the space provided below.

Make Payment To:

TRANSWORLD SYSTEMS INC.
P.O. BOX 15109
WILMINGTON, DE 198505109

0926 000095830394 1 04334433 1 0000 2

P5808
10

FILED DATE: 5/3/2021 3:27 PM    2021CH02143

Account Detail:

Current Creditor: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇    Current Creditor's Account #: XXXXX9344/▇▇▇▇    School Name:
▇▇▇▇ Original Creditor: ▇▇▇▇ Cur Int Rate: ▇▇▇▇ Default Date: ▇▇▇▇ Principal: ▇▇▇▇ Interest: ▇▇▇▇
Coll Costs/Chgs: ▇▇▇▇ Other: ▇▇▇▇ Bal Due: ▇▇▇▇

Current Creditor: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇    Current Creditor's Account #: XXXXX9344/▇▇▇▇    School Name:
▇▇▇▇ Original Creditor: ▇▇▇▇ Cur Int Rate: ▇▇▇▇ Default Date: ▇▇▇▇ Principal: ▇▇▇▇ Interest: ▇▇▇▇
Coll Costs/Chgs: ▇▇▇▇ Other: ▇▇▇▇ Bal Due: ▇▇▇▇

Current Creditor: ▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇▇    Current Creditor's Account #: XXXXX9344▇▇▇▇    School Name:
▇▇▇▇ Original Creditor: ▇▇▇▇ Cur Int Rate: ▇▇▇▇ Default Date: ▇▇▇▇ Principal: ▇▇▇▇
Interest: ▇▇▇▇ Coll Costs/Chgs: ▇▇▇▇ Other: ▇▇▇▇ Bal Due: ▇▇▇▇

Total: ▇▇▇▇